ALMIRA HARTNEY v. H. S. JORDAN, *et al.*, Appellants.

**Fraudulent Conveyance:** EVIDENCE. A finding that a chattel mortgage was fraudulent as to a prior unrecorded mortgage, is sustained by evidence that the mortgagor, in executing the second mortgage, intended to defeat the prior one, and that much of the consideration for such second mortgage had no foundation in fact, and the testimony of the second mortgagee is full of contradictions.

**Judgment:** FRAUDULENT CONVEYANCE: *Default.* A judgment should be rendered against a chattel mortgagor, on a cross-petition by a second mortgagee in an action to foreclose the prior mortgage, where the mortgagor makes no defense, although the second mortgage is found to have been executed with the intent to defeat the mortgagor's creditors. ·

*Appeal from Crawford District Court.*—HON. G. W. PAINE, Judge.

SATURDAY, JANUARY 23, 1897.

ACTION for foreclosure of chattel mortgage. Defendant Jordan, in a cross-petition, asks that his chattel mortgage be delared superior. Decree for plaintiff, and defendant appeals.—*Modified and affirmed.*

*J. P. Conner* for appellants.

*Shaw & Kuehnle* for appellee.

LADD, J.—The defendant Howard, on June 28, 1893, executed to one Howell a chattel mortgage to secure the purchase price of three hundred dollars, covering a team, harness, and "bus," and this mortgage was afterwards assigned to plaintiff. It was never recorded. Howard also executed to Jordan a chattel mortgage covering the same property, to secure the payment of two hundred and seventy-five dollars,

December 8, the same year. The defendant Laub had a claim for keeping the horses, which is not in dispute. Unless it appeared on the trial that the mortgage of Jordan was fraudulent, or that Jordan, before he took the same, had notice of the plaintiff's mortgage, the mortgage of Jordan would be entitled to priority. The evidence fully discloses that Howard, in executing the mortgage to Jordan, intended to defeat the mortgage of plaintiff. Much of the consideration of Jordan's mortgage appears to be trumped up, and his whole story is full of contradictions. His testimony, in connection with the surrounding circumstances, warrants the conclusion that the mortgage was not taken in good faith. In entering the decree, however, the district court dismissed Jordan's cross-petition entirely. Judgment should have been rendered against Howard thereon, as he made no defense. With this modification, the decree should be affirmed. —MODIFIED AND AFFIRMED.